Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | GARY FEINERMAN | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 11 C 7610 | **DATE** | 1-9-2012 |
| **CASE TITLE** | Timothy Holmes, Jr. (#R-56816) vs. Matthew McDonough, et al. | | |

**DOCKET ENTRY TEXT:**

Plaintiff's motion for leave to file *in forma pauperis* [3] is granted. On initial review pursuant to 28 U.S.C. § 1915A, Plaintiff is ordered to show cause in writing, by 2/6/2012, why this case should not be dismissed as time-barred under the applicable statute of limitations. The trust fund officer at Plaintiff's place of confinement is authorized and ordered to make deductions from his account and payments to the clerk of court in accordance with this order. The Clerk is directed to mail a copy of this order to the trust fund officer at the Danville Correctional Center.

■ [For further details see text below.]   Docketing to mail notices.

## STATEMENT

Plaintiff Timothy Holmes, Jr., a state prisoner, brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. Holmes claims that the defendants, two Chicago police officers, violated his constitutional rights by detaining him without a valid reason for doing so, entering onto his private property, and arresting him without probable cause.

The court finds that Holmes is unable to prepay the filing fee. Accordingly, the court grants Holmes' motion to proceed *in forma pauperis* and assesses an initial partial filing fee of $8.49 pursuant to 28 U.S.C. § 1915(b)(1). The trust fund officer at Holmes' place of incarceration is authorized and ordered to collect, when funds exist, the partial filing fee from his trust fund account and pay it directly to the clerk of court. Thereafter, the trust fund officer at Holmes' place of confinement is directed to collect monthly payments from his trust fund account in the amount of 20% of the preceding month's income credited to the account. Monthly payments shall be forwarded to the clerk of court each time the account balance exceeds $10 until the full $350 filing fee is paid. All payments shall be sent to the Clerk, United States District Court, 219 S. Dearborn St., Chicago, Illinois 60604, attn: Cashier's Desk, 20th Floor, and shall clearly identify Holmes' name and this case number.

**(CONTINUED)**

mjm

| STATEMENT (continued) |
|---|

Under 28 U.S.C. § 1915(e)(2), the court must dismiss a suit brought *in forma pauperis* at any time if it determines that the suit is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. Here, even accepting the complaint's factual allegations as true, it would appear that Holmes' claims are time-barred.

There is a two-year statute of limitations for Section 1983 actions brought in Illinois. *See Dominguez v. Hendley*, 545 F.3d 585, 588 (7th Cir. 2008). The statute of limitations is not tolled for prisoners. *See Schweihs Burdick*, 96 F.3d 917, 919 (7th Cir. 1996); *Turner-El v. Davis*, No. 10 C 5188, 2010 WL 3526379, *1, n.1 (N.D. Ill. Aug. 30, 2010). Expiration of a statute of limitations is an affirmative defense, but "when the existence of a valid affirmative defense is so plain from the face of the complaint that the suit can be regarded as frivolous, the district judge need not wait for an answer before dismissing the suit." *Walker v. Thompson*, 288 F.3d 1005, 1009-10 (7th Cir. 2002).

It would appear that Holmes failed to file suit within the two-year limitation period. "[T]he statute of limitations upon a § 1983 claim seeking damages for a false arrest in violation of the Fourth Amendment, where the arrest is followed by criminal proceedings, begins to run at the time the claimant becomes detained pursuant to legal process." *Wallace v. Kato*, 549 U.S. 384, 397 (2007); *Thomas v. City of Chicago*, No. 07 C 4969, 2009 WL 1444439, *3 (N.D. Ill. May 21, 2009) (a false arrest claim accrues "no later than [the arrestee's] arraignment"); *Brooks v. Davey*, 572 F. Supp. 917, 918 (N.D. Ill. 2008) (same). In this case, Holmes was arrested on April 17, 2009; he presumably was arraigned no more than two days later, as the general rule provides that "persons arrested without a warrant must receive a judicial determination of probable cause within 48 hours." *Lopez v. City of Chicago*, 464 F.3d 711, 719 (7th Cir. 2006). This case was filed in October 2011, more than two years after the April 2009 police encounter and arraignment. Accordingly, it would appear that Holmes' unlawful detention and false arrest claims are time-barred.

The same holds for Holmes' claim that the police unlawfully entered onto private property to arrest him. The limitations period for a Fourth Amendment claim commences "when the plaintiff knows or should have known that his constitutional rights were violated." *Licari v. City of Chicago*, 298 F.3d 664, 668 (7th Cir. 2002) (citation omitted); *Foryoh v. Hannah-Porter*, 428 F. Supp. 2d 816, 820 (N.D. Ill. 2006). Thus, as with the unlawful detention and false arrest claims, the unlawful entry claim would appear to be time-barred.

It is possible that the foregoing analysis is faulty in some way, or that Holmes has a valid basis for tolling the statute of limitations. Accordingly, Holmes is ordered to show cause in writing, by February 6, 2012, why this case should not be dismissed as time-barred under the statute of limitations. If Holmes does not respond by that date, the case will be dismissed with prejudice for the reasons set forth above.