# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | GARY FEINERMAN | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 11 C 7610 | **DATE** | 4-26-2012 |
| **CASE TITLE** | Timothy Holmes, Jr. (#R-56816) vs. Matthew McDonough, et al. | | |

**DOCKET ENTRY TEXT:**

Plaintiff's motion to reconsider [9] is denied. The proposed amended complaint is stricken pursuant to 28 U.S.C. § 1915A. The case remains closed.

■ [For further details see text below.]　　　　　　　　　　　　　　　　　　Docketing to mail notices.

---

## STATEMENT

Plaintiff, a state prisoner, brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff claims that Defendants, two Chicago police officers, violated his constitutional rights by entering on private property without a valid reason for doing so, and by arresting him without probable cause. By Minute Order of February 16, 2012, the Court dismissed the complaint on initial review. This matter is before the Court for ruling on Plaintiff's motion to reconsider. The motion is denied and the proposed amended complaint is stricken, as the Court remains satisfied that Plaintiff's claims are untimely.

As discussed more fully in the Court's Minute Order of January 9, 2012, there is a two-year statute of limitations for Section 1983 actions in Illinois. *See, e.g., Dominguez v. Hendley*, 545 F.3d 585, 588 (7th Cir. 2008); 735 ILCS § 5/13-202. The complaint and amended complaint relate to a purportedly illegal trespass and false arrest in April 2009, but Plaintiff waited until October 2011, more than two years later, to bring suit.

This case does not fall under the relatively small umbrella of cases where success on a false arrest claim would necessarily imply the invalidity of a prosecution or conviction. As a general rule, "the statute of limitations upon a § 1983 claim seeking damages for a false arrest in violation of the Fourth Amendment, where the arrest is followed by criminal proceedings, begins to run at the time the claimant becomes detained pursuant to legal

**(CONTINUED)**

| | mjm |
|---|---|

process." *Wallace v. Kato*, 549 U.S. 384, 397 (2007); *Thomas v. City of Chicago*, No. 07 C 4969, 2009 WL 1444439, *3 (N.D. Ill. May 21, 2009) (Dow, J.) (a false arrest claim accrues "no later than [the arrestee's] arraignment"); *Brooks v. Davey*, 572 F. Supp. 917, 918 (N.D. Ill. 2008) (Bucklo, J.) (same). Plaintiff relies on *Dominguez v. Hendley*, 545 F.3d 585 (7th Cir. 2008), for the proposition that his right to sue arose when his conviction was set aside; however, *Dominguez* involved allegations of police officers' manipulation of or tampering with identification and testimonial evidence, which the Court of Appeals found amounted to "more than a Fourth Amendment claim by another name." *Dominguez*, 545 F.3d at 589. The present case is pure Fourth Amendment: Plaintiff challenges the officers' justification for entering onto his porch and arresting him.

To the extent that Plaintiff is now attempting to sue Defendants for malicious prosecution, he must do so in state court. Malicious prosecution claims are not actionable under federal law in Illinois. *Avilas v. Pappas*, 591 F.3d 552, 553-54 (7th Cir. 2010), *citing Newsome v. McCabe*, 256 F.3d 747 (7th Cir. 2001) (*inter alia*). Illinois state law provides a cause of action to address a malicious prosecution. *See, e.g., Smith v. Lamz*, 321 F.3d 680, 684 (7th Cir. 2003) ("We begin by noting that . . . [the plaintiff] may not maintain an action under § 1983 for malicious prosecution") (citing *Newsome*, 256 F.3d at 750-51). Because the parties are not of diverse citizenship, any malicious prosecution claim can be brought only in state court.

Because the Court finds that Plaintiff has no timely cause of action, his amended complaint is summarily dismissed on preliminary review pursuant to 28 U.S.C. § 1915A. "Although Fed. R. Civ. P. 15(a) provides that leave to amend 'shall be freely given when justice so requires,' it is not to be automatically granted." *Johnson v. Cypress Hill*, 641 F.3d 867, 871-72 (7th Cir. 2011) (quoting *Johnson v. Methodist Medical Center of Ill.*, 10 F.3d 1300, 1303 (7th Cir. 1993)). "[District] courts have broad discretion to deny leave to amend where there is undue delay, bad faith, dilatory motive, repeated failure to cure deficiencies, undue prejudice to the defendants, *or where the amendment would be futile*." *Johnson*, 641 F.3d at 872 (emphasis added), quoting *Hukic v. Aurora Loan Services*, 588 F.3d 420, 432 (7th Cir. 2009); *see also Arreola v. Godinez*, 546 F.3d 788, 796 (7th Cir. 2008), *citing Foman v. Davis*, 371 U.S. 178, 182 (1962); *Thompson v. Ill. Department of Professional Regulation*, 300 F.3d 750, 759 (7th Cir. 2002). Here, it would be futile for Plaintiff file an amended complaint relating to claims that are either barred by the statute of limitations or not cognizable in federal court.

For the foregoing reasons, Plaintiff's motion for reconsideration is denied. The case remains closed.