# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | GARY FEINERMAN | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 11 C 7610 (App. No. 12-2285) | **DATE** | 6-1-2012 |
| **CASE TITLE** | Timothy Holmes, Jr. (#R-56816) vs. Matthew McDonough, et al. | | |

**DOCKET ENTRY TEXT:**

Plaintiff's motion for leave to appeal *in forma pauperis* [18] is denied. The court certifies that the appeal is not taken in good faith. If Plaintiff does not pay the appellate filing fee of $455 by 6/22/2012, the Court of Appeals may dismiss his appeal for want of prosecution. The Clerk is directed to send a copy of this order to the PLRA Attorney, U.S. Court of Appeals for the Seventh Circuit.

■ **[For further details see text below.]**   Docketing to mail notices.

## STATEMENT

Plaintiff, a state prisoner, brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff claims that Defendants, two Chicago police officers, violated his constitutional rights by detaining him without a valid reason for doing so, entering on private property, and arresting him without probable cause. By Minute Order of February 16, 2012, the court summarily dismissed the complaint on initial review as time-barred. On April 26, 2012, the court rejected Plaintiff's amended complaint.

Plaintiff has filed a notice of appeal and seeks leave to proceed *in forma pauperis*. However, for the reasons stated in its previous orders, the court finds that this action does not raise a substantial issue meriting appellate review. As Plaintiff has raised such issue in his motion for leave to appeal *in forma pauperis*, the court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that the appeal is not in good faith. *See Moran v. Sondalle*, 218 F.3d 647, 650 (7th Cir. 2000).

If the district court certifies that an appeal is not taken in good faith, the appellant cannot prosecute the appeal *in forma pauperis*, but rather must pay the appellate filing fee in full for the appeal to go forward. Consequently, Plaintiff must pay the full $455 filing fee by June 22, 2012; if Plaintiff fails to do so, the Court of Appeals may dismiss his appeal for want of prosecution. *See Evans v. Illinois Dept. of Corrections*, 150 F.3d 810, 812 (7th Cir. 1998). If Plaintiff wishes to contest this court's certification that the appeal is not taken in good faith, he must file a motion with the Court of Appeals seeking review of this court's **(CONTINUED)**

mjm

| STATEMENT (continued) |
|---|

certification by July 2, 2012. *See* Fed. R. App. P. 24(a)(5).

      Plaintiff is responsible for ensuring payment of the filing fees as directed by this order, and should ensure that the institution having custody of him transmits the necessary funds. Nonpayment for any reason other than destitution shall be construed as a voluntary relinquishment of the right to file future suits *in forma pauperis*. The obligation to ensure full payment of the filing fees imposed by this order shall not be relieved by release or transfer to another prison. Plaintiff is under a continuing obligation to inform the Clerk of this Court in writing of any change of address within seven days.

      Payment shall be sent to the Clerk, United States District Court, 219 S. Dearborn St., Chicago, Illinois 60604, attn: Cashier's Desk, 20th Floor. Payment should clearly identify Plaintiff's name, as well as the district Court and appellate Court case numbers assigned to this action.

      The Clerk is directed to send a copy of this order to the PLRA Attorney, United States Court of Appeals for the Seventh Circuit.